FILED
2005 Sep-21 PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,** *et al.*,  )<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>**SOUTHEAST WAFFLES, LLC and WAFFLE HOUSE, INC.,**  )<br>)<br>)<br>Defendants. | Civil Action Number<br>**5:05-cv-94-UWC** |

**MEMORANDUM OPINION DENYING
DEFENDANTS' MOTIONS**

The National Association for the Advancement of Colored People ("NAACP") and twelve individual Plaintiffs originally filed this action on January 25, 2005. Plaintiffs allege that Defendants Southeast Waffles, LLC ("SEW") and Waffle House, Inc. ("WHI")[1] are engaged in a pattern and practice of race discrimination against patrons of Waffle House restaurants in Alabama, in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000a. (Doc. 1, Compl.)

---

[1] Collectively, the two Defendants will be referred to as "Waffle House."

On May 2, 2005, the original Plaintiffs filed an Amended Complaint, joining James Brown ("Brown"), Emrich Kenny ("E. Kenny"), Patricia Kenny ("P. Kenny"), Gloria Young ("Young")[2] and Allen Bryant ("Bryant"). (Doc. 19., Am. Compl.)

WHI has moved to sever the claims of Plaintiffs James Brown, Patricia Kenny, and Emrich Kenny, and transfer them to the Southern Divisions of Alabama. (Doc. 35).[3] It has also moved to sever and to dismiss the claims of new Plaintiff Allen Bryant.[4] (Doc. 37).

For the reasons which follow, both motions are due to be denied.

I

Federal Rule of Civil Procedure ("Rule) 20(a) permits joinder of parties in the interest of judicial economy. The Rule allows the "broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Rule 20(a) joinder is subject to two prerequisites:

---

[2] Defendants do not contest joinder of Plaintiff Gloria Young.

[3] Defendants argue that the conduct giving rise to the claims of the Brown and Kenny Plaintiffs occurred in Saraland or Daphne, Alabama. Unquestionably, these cities are located in the Southern District of Alabama.

[4] It is Waffle House's position that the conduct which gave rise to Plaintiff's Bryant lawsuit occurred at a restaurant owned and operated by Waffle House, Inc.; while the claims of the other Plaintiffs arise from occurrences at restaurants owned by SEW.

a) the newly joined parties joined must have claims that arise out of the same transaction or occurrence, or series of transactions or occurrences as those of the original parties; and

b) the newly joined parties must have in common at least one question of law or fact.

Fed. R. Civ. P. 20(a); *A.M. Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000). A "transaction" has been construed to mean a "series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926).

Allegations of a pattern and practice of racial discrimination satisfy the "same transaction or occurrence" prong of Rule 20(a). *See A.M. Alexander*, 207 F.2d at 1323; *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974)("[W]e conclude that a company wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences.")

It is clear from the factual allegations in the amended Complaint that, at this procedural posture of the case, Rule 20(a) is satisfied and that Plaintiffs Brown, P. Kenny, E. Kenny and Bryant are properly joined. It is undisputed that the Plaintiffs' claims occurred at different locales, at different times, and involved

different Waffle House employees. However, the Plaintiffs all allege similar discriminatory treatment while attempting to patronize various Waffle House restaurants throughout the state of Alabama. The common factual thread of alleged racial discrimination runs throughout Plaintiffs' complaint.

There is no unfairness in requiring Waffle House to defend these claims in this forum because it does business here.

Since the joined Plaintiffs satisfy both prongs of the Rule 20(a) test, the Waffle House Motion to Sever and Transfer is due to be denied.

Since at this stage in the litigation, the relationships between Waffle House Inc. and SEW have not been flushed out through discovery, the motion to sever and dismiss the claims of Allen Bryant is likewise due to be denied.

Done this 21st day of September, 2005.

_____
U.W. Clemon
Chief United States District Judge